In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-05-434 CV


____________________



IN RE COMMITMENT OF FERNANDO THOMPSON






On Appeal from the 410th District Court


Montgomery County, Texas


Trial Cause No. 04-12-10586 CV






MEMORANDUM OPINION


 The trial court ordered civil commitment of appellant Fernando Thompson as a
sexually violent predator. See Tex. Health & Safety Code Ann. §§ 841.001-841.150
(Vernon 2003 & Supp. 2005). A "sexually violent predator" is a person who "(1) is a repeat
sexually violent offender; and (2) suffers from a behavioral abnormality that makes the
person likely to engage in a predatory act of sexual violence." Id. § 841.003. Section
841.002(2) defines "behavioral abnormality" as "a congenital or acquired condition that, by
affecting a person's emotional or volitional capacity, predisposes the person to commit a
sexually violent offense, to the extent that the person becomes a menace to the health and
safety of another person." Id. § 841.002(2). Thompson challenges the legal and factual
sufficiency of the evidence he suffers from a behavioral abnormality that makes him likely
to engage in a predatory act of sexual violence.

 The statute requires the State prove a person meets the "sexually violent predator"
criteria beyond a reasonable doubt. (1) See id. § 841.062(a); In re Commitment of Fisher, 164
S.W.3d 637, 641 (Tex. 2005), cert. denied, 126 S.Ct. 428 (2005). Because this is the same
burden of proof required in criminal cases, although this is a civil proceeding, we apply the
appellate standard of review used in criminal cases for sufficiency of the evidence. See In
re Commitment of Mullens, 92 S.W.3d 881, 885 (Tex. App.--Beaumont 2002, pet. denied)
(citing Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)). In
a legal sufficiency review, we review all of the evidence in a light most favorable to the
verdict and examine whether a rational factfinder could have found, beyond a reasonable
doubt, that Thompson suffers from a behavioral abnormality that makes him likely to engage
in a predatory act of sexual violence. See Mullens, 92 S.W.3d at 885. In a factual
sufficiency review, we consider all the evidence in a neutral light and determine whether the
fact finder was rationally justified in that finding. Zuniga v. State, 144 S.W.3d 477, 484
(Tex. Crim. App. 2004). 

 "[P]roof of serious difficulty in controlling behavior" is required. See Kansas v.
Crane, 534 U.S. 407, 413, 122 S.Ct. 867, 151 L.Ed.2d 856 (2002). The inability to control
behavior "must be sufficient to distinguish the dangerous sexual offender whose serious
mental illness, abnormality, or disorder subjects him to civil commitment from the dangerous
but typical recidivist convicted in an ordinary criminal case." Id. 

 Although Thompson waived his right to appear at trial, the State presented
Thompson's testimony by videotape deposition, and a transcription of the deposition is
included in the record. Records from the Texas Department of Criminal Justice relating to
Thompson show he was convicted of rape in 1975 and granted ten years probation. (2) 
Thompson's probation was revoked in 1976. He was charged with attempted rape, but the
charge was dismissed. Thompson was sentenced to ten years confinement for the 1975 rape
conviction. He was paroled in 1980, but was returned as a parole violator in 1982 due to an
arrest for rape committed in 1981. Thompson pled guilty and was given ten years deferred
adjudication. In 1983, Thompson was convicted of aggravated rape of a child. He received
a thirty-year sentence for the 1983 offense and a twenty-year sentence for the 1981 offense,
to be served concurrently. He was released in 1993 on mandatory supervision and returned
in February, 1995 for failing to report a change of address. Thompson was released again
in 2001, but returned for violating the mandatory supervision order in 2002. 

 Dr. Sheri Gaines, a psychiatrist, testified for the State. Dr. Gaines performed an
evaluation of Thompson to determine whether he met the statutory definition of a sexually
violent predator. See §§ 841.003, 841.023. She based her evaluation on an interview with
Thompson, previous evaluations of Thompson by other mental health professionals, and
Thompson's Texas Department of Criminal Justice records. According to Dr. Gaines,
Thompson suffers from a behavioral abnormality that makes him likely to engage in a
predatory act of sexual violence. See § 841.003(a)(2). Based on the interview and the other
records she reviewed, Dr. Gaines diagnosed Thompson with sexual sadism, alcohol
dependence, and antisocial personality disorder. Dr. Gaines concluded Thompson has a
"behavioral abnormality" as defined by the sexually violent predator statute. See id. at §
841.002(2). In Dr. Gaines's expert opinion, Thompson is impulsive and has difficulty
controlling his sexual urges. Dr. Gaines observed that Thompson did not exhibit any remorse
when he spoke about his offenses, he blamed his victims, and he gloated about the offenses. 
Dr. Gaines described him as self-important and manipulative. She explained that her
diagnosis of sexual sadism was based on the fact that "he was physically abusive and he was
aroused by the domination of his victims." Although she does not consider herself to be an
expert on actuarials, she testified Thompson's results indicated he scored in the psychopathic
range on the Hare Psychopathy Checklist, which was consistent with her impression of him. 
Dr. Gaines identified specific risk factors regarding Thompson's likelihood to sexually re-offend: his victims were strangers, he used violence, he committed his offenses in relatively
public places, he admitted being intoxicated when he committed most of the offenses, his
offenses began when he was young and have continued over a long period of time, and he
has an anger management problem. She testified as to the possibility that Thompson's
domination of women might escalate into something more serious than rape if he is not
committed, because she is almost certain Thompson would not voluntarily participate in a
sex offender treatment program. 

 Thompson challenged her opinion that he is a danger to society and likely to reoffend. 
Gaines testified on cross-examination that if he participates fully in alcohol abuse and sex
offender treatment programs, his risk of re-offending would slightly decrease, although
everything she observed and read regarding Thompson indicated to her that he would not
fully participate in the programs. While she agreed a positive support system could lower
Thompson's likelihood of re-offending, she stated evidence of a positive support system
would not change her opinion that he meets the statutory criteria for a sexually violent
predator. 

 Dr. Stephen Thorne, a clinical psychologist, testified for the defense. Dr. Thorne
assessed Thompson after reviewing two previous psychological evaluations by other doctors,
medical records, and Texas Department of Criminal Justice records. Dr. Thorne did not
perceive Thompson's demeanor to be threatening in his interview of Thompson or in the
videotape deposition played at trial. Dr. Thorne testified he believed Thompson had been
drinking heavily at the time of all the offenses. Dr. Thorne did not observe any remorse by
Thompson, but felt like Thompson knew what he did was wrong. Dr. Thorne diagnosed
Thompson with antisocial personality disorder, but testified he was "reluctant to make the
sexual sadism diagnosis" because Thompson was under the influence of alcohol at the time
of his offenses. Dr. Thorne further testified that although he was not confident in saying
Thompson would not engage in any type of sexually violent behavior in the future, if
Thompson abstained from alcohol and a support system was in place, his risk level for
recidivism would be lowered. 

 On cross-examination, Dr. Thorne acknowledged the records he reviewed indicated
the sexual offenses all involved physical violence. He testified he administered actuarials
that placed Thompson in the range of a psychopath and revealed he is at a high risk for re-offending. On cross-examination Dr. Thorne agreed that Thompson has a behavioral
abnormality that makes him likely to engage in a predatory act of sexual violence; and he
thinks Thompson's past "makes you at least have to be concerned" that he will have
difficulty controlling his sexual behavior. Dr. Thorne believes Thompson's alcoholism,
history of violating mandatory supervision or probation conditions, and lack of motivation
regarding sex offender treatment increase Thompson's likelihood to recidivate. 

 Thompson contends Dr. Gaines's testimony that Thompson suffers from sexual
sadism and antisocial personality disorder was unsubstantiated speculation and conclusory
evidence and constitutes no evidence. Thompson also argues the State failed to explain how
these diagnoses establish a behavioral abnormality as defined by section 841.002(2). 

 The trier of fact may draw reasonable inferences from the evidence, and is the
exclusive judge of the witnesses' credibility and the weight to give testimony. See Jones v.
State, 944 S.W.2d 642, 647-49 (Tex. Crim. App. 1996); Bruno v. State, 922 S.W.2d 292, 293
(Tex. App.--Amarillo 1996, no pet.). Dr. Gaines testified that she based her assessment and
diagnosis not only on her interview with Thompson, but also on previous evaluations and
TDCJ records, which she testified are records typically relied upon in the psychiatric field. 
Dr. Thorne agreed with Dr. Gaines that Thompson suffered from a "behavioral abnormality,"
as defined by section 841.002(2). Thompson's lack of volitional control may be inferred
from his past behavior, and from his history of violating mandatory supervision or probation
conditions. The expert testimony, the evidence of the physical abuse in conjunction with
each of the rapes Thompson committed on strangers, and the evidence of his lack of
volitional control provide sufficient evidentiary support for the trial court's judgment. 

 We conclude a rational trier of fact could find beyond a reasonable doubt that
Thompson has serious difficulty in controlling his behavior and suffers from a behavioral
abnormality that makes him likely to engage in a predatory act of sexual violence. 
Appellants' issues are overruled. We affirm the judgment and order of civil commitment. 
 AFFIRMED.

 

 _________________________________

 DAVID GAULTNEY

 Justice


Submitted on February 17, 2006

Opinion Delivered April 13, 2006


Before Gaultney, Kreger, and Horton, JJ.
1. Thompson does not challenge the sufficiency of the evidence regarding whether
he is a repeat sexually violent offender, only the sufficiency of the evidence that he suffers
from a behavioral abnormality that makes him more likely to engage in a predatory act of
sexual violence. 
2. In his deposition, Thompson admitted the 1975 conviction but stated the court of
appeals reversed the conviction.